1 DAVID A. SMYTH   SBN 58339
  Attorney at Law
2 SMYTH LAW OFFICE
  Hookston Square
3 3478 Buskirk Ave. Suite 1000
  Pleasant Hill, CA  94523
4 (925)933-4541 Tel
  (925)932-7077 Fax
5 dsmyth2_@hotmail.com

8 Attorney for Plaintiff
  Lewyn Boler, individually
9 and dba Production Car
  Care Products

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWYN BOLER aka LEON BOLER, Individually and dba Production Car Care Products, | Case No.: |
| | COMPLAINT FOR; |
| Plaintiff, | |
| | (1) TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114 AND 1125(a); |
| vs. | |
| | (2) COMMON LAW TRADEMARK INFRINGEMENT |
| 3D INTERNATIONAL, LLC A California Limited Liability Company, and Does 1 - 10, | (3) UNFAIR COMPETITION AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a) |
| Defendants | |
| | (4) UNFAIR COMPETITION AND FALSE ADVERTISING UNDER CAL. BUS & PROF. CODE §§ 17200 and 17500, *ET SEQ* |
| _____/ | JURY TRIAL DEMANDED |

1

**Plaintiff, Lewyn Boler aka Leon Boler dba Production Car Care Products, complains and alleges against Defendants 3D International, LLC, a California Limited Liability Company and Does 1 - 10 as follows:**

## PARTIES

**1. Plaintiff Lewyn Boler aka Leon Boler dba Production Car Care Products is a competent an adult individual who does business under the name of Production Car Care Products in Stockton, California.**

**2. Defendant 3D International LLC is a California Limited Liability Company with it's principal office in Valencia, California.**

**3. Plaintiff is presently unaware of the true names of Defendants identified in the complaint under the fictitious names Does 1 - 10. On information and belief the Plaintiff alleges that said fictitious defendants are responsible for the acts herein alleged. The Plaintiff will amend his complaint to add the true names of said Doe Defendants as they become known.**

## JURISDICTION AND VENUE

**4. This action arises under the federal trademark statute (the "Lanham Act") 15 U.S.C. § 1051 *et seq.*, and under the law of the State of California. This Court has subject matter jurisdiction over the federal trademark, false**

2

advertising, and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C §§ 1331, 1332, 1338 and 1367. This Court has subject matter jurisdiction over the related California state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

5. The amount in controversy between the parties exceeds $75,000.00.

6. This Court has personal jurisdiction over the Defendants based upon the fact that they are doing business in this judicial district.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and ( c) because Defendants do business in this district and have and are committing the acts alleged herein in this district.

## SUBSTANCE OF ACTION

8. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 - 7 of this Complaint.

9. The Plaintiff, Lewyn Boler (hereinafter referred to as Boler) has owned and operated Production Car Care Products as a dba for over 35 years. Production Car Care Products manufactures and distributes specialized products for automobile detailing, and has acquired a statewide, nationwide

**and worldwide reputation for the quality of it's products and services, and statewide, nationwide and worldwide goodwill.**

**10. One of Boler's featured products has always (for 35 years) been a "Heavy Duty Cleaner & Degreaser" called   SLAM ! (Exclamation point is included in Trademark) . This product is known to be a product produced and distributed by Boler and Production Car Care Products and produces substantial income for Boler based upon the sales of the product itself and based upon enhanced goodwill it produces for Boler's business and all of Boler's products. Boler has also frequently used the trademark SLAM ! on other car care products. The SLAM ! trademark is well known to identify products manufactured and distributed by Boler and Production Car Care Products.**

**11. In an effort to trade on the great popularity of SLAM ! and the great reputation and goodwill of Boler and Production Car Care Products, the Defendants and each of them commencing on a date to be proved at trial, began manufacturing and distributing a product that they label "GRAND SLAM" which 3D describes as a "Heavy Duty Degreaser" in the same markets used by Boler for Production Car Care's SLAM !**

**12. On August 12, 2013 Boler filed for trademark protection for SLAM ! with the U.S. Patent and Trademark Office and received a registered trademark on January 21, 2014 (Reg# 4470991 Serial# 86034936).**

**13. On December 9, 2013 Defendant 3D International,  LLC was notified of**

4

their violation of Boler's common law trademark protection for SLAM ! and of his pending registration for the identical mark with United States Patent and Trademark Office and asked the Defendants to cease and desist.

14. Since December 9, 2013 Defendant has continued to violate Boler's trademark protection and has, in fact, expanded into new areas protected by Boler's registered trademark.

15. The actions of Defendant have cost Boler large amounts of money and are slowly destroying the business that he spent 35 years building. Unless this court enjoins 3D International, LLC Boler will suffer irreparable loss and will lose his business. Plaintiff demands a jury trial.

## FIRST CAUSE OF ACTION
(Federal Trademark Infringement under 15 U.S.C.§§ 1114 and 1125(a) )

16. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 - 15 of this Complaint.

17. The actions of Defendants described above and specifically their unauthorized use of the SLAM !® Trademark, and confusingly similar variations thereof, in commerce to advertise, promote, market and sell 3D's car care products throughout the United States including California, constitute trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a).

**18. The actions of Defendants, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, dimunation in the value of and goodwill associated with the SLAM !® mark, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.**

**19. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial including profits made by Defendants on sales of their car care products which use the word SLAM. Furthermore, Plaintiff is informed and believes, and on that basis alleges that the actions of Defendants were undertaken willfully and with the intention of causing confusion, mistake, for deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.**

## SECOND CAUSE OF ACTION
### (Common Law Trademark Infringement)

**20. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 - 19 of this Complaint.**

**21. Plaintiff has rights under Federal and State Law including common law rights in the SLAM ! Trademark based upon continuous use of said Trademark throughout California and the United States in connection with the merchandise he advertises, sells and distributes.**

**22. Defendants' unauthorized use of Plaintiffs Trademark SLAM ! and SLAM to promote, advertise, market and/or sell their goods and products is likely to**

cause confusion, mistake and deception of the public as to the identity and origin of Defendants' goods, or as to a connection or affiliation with Plaintiff that does not exist causing irreparable harm to Plaintiff for which there is no adequate remedy at law. Defendants' conduct violates Federal and State Law and constitutes common law trademark infringement.

23. Despite their actual and constructive knowledge of Plaintiff's ownership and prior use of the SLAM ! and SLAM Trademarks, Defendants have continued to use the SLAM ! and SLAM Trademarks without Plaintiff's authorization or consent. Defendants' actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built up by Plaintiff in his SLAM ! and SLAM Trademarks.

24. Plaintiff has sustained injury, damage and loss based on Defendants' actions in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
(Federal Unfair Competition and False Advertising under 15 U.S.C. §1125(a))

25. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 - 24 of this Complaint.

26. Defendants' actions described above and specifically, without limitation, Defendants' use of the SLAM !® trademark, and confusingly similar variations thereof in commerce to advertise, market and sell their car care products throughout California, the United States and Canada and their use of

other tactics to mislead the public as to the origin of some of their products constitute unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

27. Consumers are likely to be misled and deceived by Defendants' representations regarding Plaintiff's car care products that use the term SLAM.

28. Defendants knew or should have known that their statements, labeling and advertisements are and were false and likely to mislead.

29. As an actual and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial. Unless Defendants are enjoined, Plaintiff will continue to suffer irreparable harm and damage to his business, reputation and goodwill.

30. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for Defendants' Lanham Act violations, an accounting for profits made by Defendants on sales of products with the term SLAM or other similar terms in their name, as well as recovery of the costs of this action. Furthermore, Plaintiff is informed and believes and on that basis alleges that Defendants' conduct was undertaken willfully and with the intention of causing confsion, mistake or deception, making this an exceptional case entitling Plaintiff to recovr additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

//

## FOURTH CAUSE OF ACTION
(Statutory Unfair Competition and False Advertising under California Business and Professions Code §§ 17200 and 17500 *et seq*)

31. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 - 30 of this Complaint.

32. Defendants' actions described above and specifically, without limitation, Defendants' use of the SLAM !® trademark, and confusingly similar variations thereof in commerce to advertise, market and sell their car products throughout California, the United States and Canada and their use of other tactics to mislead the public as to the origin of some of their products constitutes unfair competition and false advertising in violation of the laws of the State of California.

33. By these actions, Defendants have engaged in false advertising and unfair competition in violation of the statutory law of the state of California, Cal. Bus. & Prof. Code §§ 17200 and 17500 *et seq.,* and as a result Plaintiff has suffered and will continue to suffer to his business, reputation and goodwill.

34. The Defendants have and are interfering with the Plaintiff's suppliers and distributors

35. As a direct and proximate result of Defendants' willful and intentional actions Plaintiff has suffered damages in an amount to be determined at trial and unless Defendants are restrained Plaintiff will continue to suffer

irreparable damage.

**WHEREFORE Plaintiff prays for judgment as follows:**

**1. For actual and statutory damages including treble damages and punitive damages according to proof at trial.**

**2. For an order that Defendants be permanently enjoined from using the term SLAM ! or SLAM or other similar term in their advertisements, promotions or on their products.**

**3. For an order that Defendants be required to promptly remove all advertisements, promotions and products using the word SLAM ! or SLAM or other similar terms from the market and to do whatever other acts are required to restore, correct and repair the damage done to Plaintiff and to restore, correct and repair anything that might cause continuing damage.**

**4. For attorney's fees and costs of suit.**

**5. For all other relief that the Court deems necessary and just.**

**DATED: March 11, 2014**

                                                      <u>s/ David Ashley Smyth</u>
                                                      DAVID ASHLEY SMYTH