1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   LEWYN BOLER AKA LEON BOLER,              No.  2:14-cv-00658-TLN-CKD
     INDIVIDUALLY AND DBA
12   PRODUCTION CAR CARE PRODUCTS,

13                Plaintiff,                  **ORDER**

14        v.

15   3D INTERANATIONAL, LLC
     A California Limited Liability Company,
16   and DOES 1-10,

17                Defendants/Third-Party
                  Plaintiffs,
18
          v.
19
     PEERLESS INSURANCE COMPANY,
20   and DOES 1-10,

21                Third-Party Defendants.

22

23        This matter is before the Court pursuant to Third-Party Defendant Peerless Insurance

24   Company's ("Peerless") Motion for Judgment on the Pleadings, or in the Alternative Motion to

25   Sever against Third-Party Plaintiff 3D International, LLC ("3D").  (ECF No. 14.)  3D does not

26   oppose the motion.  (ECF No. 17.)  For the reasons set forth below, Peerless' Motion for

27   Judgment on the Pleadings is GRANTED, all causes of action against Peerless are DISMISSED

28   with prejudice, and Peerless is DISMISSED as a third-party defendant with prejudice.

                                            1

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This Motion for Judgment on the Pleadings between 3D and Peerless concerns a third-party action arising from a trademark infringement claim between Plaintiff Lewyn Boler ("Boler") and Defendant 3D.  (ECF No. 14.)  In the original Complaint ("Boler Action"), Boler alleges he manufactures and distributes a "Heavy Duty Cleaner & Degreaser" product for cars called "SLAM!."  (ECF No. 1.)  On August 12, 2013, Boler filed for trademark protection for SLAM! with the U.S. Patent and Trademark Office, and received a registered trademark on January 21, 2014.  (ECF No. 1 at 4.)  On December 9, 2013, Boler notified 3D of their SLAM! trademark infringement, and asked 3D to cease and desist its use of the term "Grand Slam" in conjunction with marketing its own "heavy duty degreaser."  (ECF No. 1 at 5.)  Since December 9, 2013, 3D has continued to violate Boler's trademark protection for SLAM!, and has expanded into new areas protected by Boler's registered trademark.  (ECF No. 1 at 5.)  On March 11, 2014, Boler filed suit against 3D.  (ECF No. 1.)  Boler seeks relief for: (1) trademark infringement under 15 U.S.C. §§ 1114 and 1125(a) ("Lanham Act"); (2) common law trademark infringement; (3) unfair competition and false advertising under the Lanham Act; and (4) unfair competition and false advertising under Cal. Bus & Prof. Code §§ 17200 and 17500.  (ECF No. 1.)

On May 14, 2014, 3D tendered its defense in the Boler Action to Peerless, 3D's insurance company.  (ECF No. 14-1 at 5.)  On June 6, 2014 Peerless denied 3D's claim to tender its defense for lack of coverage.  (ECF No. 14-1 at 5.)  Peerless alleges that 3D's policy does not cover injuries arising out of trademark infringement.  (ECF No. 14-1 at 5.)

On October 8, 2014, 3D filed a Third-Party Complaint ("TPC") against Peerless in the Boler Action, alleging: (1) contractual indemnification under CA Civil Code §2778, and (2) breach of contract under CA Insurance Code §530.  (ECF No. 5.)  3D seeks (1) actual and statutory damages, including treble damages and punitive damages; (2) declaration that 3D is entitled to recover from Peerless for all damages, or any other element of any judgment for Boler against 3D; (3) attorney's fees and cost of litigation; and (4) for all other relief that the Court deems necessary and just.  (ECF No. 5 at 7.)  3D claims that Peerless breached their insurance contract by refusing to cover 3D in the Boler Action, because the insurance contract covers

1    slogan infringement, and the allegations in Boler Action are in essence about slogan infringement.

2    (ECF No. 5.)  However, neither 3D nor Boler alleged slogan infringement in their original

3    pleadings for the Boler Action.  (See ECF No. 1; ECF No. 4.)

4         On July 21, 2015, Peerless filed a Motion for Judgment on the Pleadings, or in the

5    Alternative Motion to Sever.  (ECF No. 14.)  Peerless now moves the Court, under Federal Rule

6    of Civil Procedure 12(c) ("Rule 12(c)"), to dismiss 3D's claims against Peerless.  (ECF No. 14.)

7    3D does not oppose this motion.  (ECF No. 17.)

8        **II.    LEGAL STANDARD**

9         A party may move for judgment on the pleadings after the pleadings are closed.

10   Fed.R.Civ.P. 12(c).  A Rule 12(c) motion challenges the legal adequacy of the opposing party's

11   pleadings.  *Westlands Water Dist. v. Bureau of Reclamation*, 805 F.Supp. 1503, 1506

12   (E.D.Cal.1992).  "A judgment on the pleadings is properly granted when, taking all the

13   allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment

14   as a matter of law."  *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir.2010) (citations

15   omitted).  "For purposes of the motion, the allegations of the non-moving party must be accepted

16   as true, while the allegations of the moving party which have been denied are assumed to be

17   false."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir.1989).

18        To prevail on a Rule 12(c) motion, the moving party must "clearly establish [ ] on the face

19   of the pleadings that no material issue of fact remains to be resolved and that it is entitled to

20   judgment as a matter of law."  *Id.*  Therefore, "a plaintiff is not entitled to judgment on the

21   pleadings when the answer raises issues of fact that, if proved, would defeat recovery."  *Gen.*

22   *Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*,

23   887 F.2d 228, 230 (9th Cir.1989).  A judgment on the pleadings also is not appropriate if the

24   Court "goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated

25   as a motion for summary judgment" pursuant to Rule 12(d).  *Hal Roach Studios*, 896 F.2d at

26   1550.  A district court may, however, "consider certain materials—documents attached to the

27   complaint, documents incorporated by reference in the complaint, or matters of judicial notice—

28   without converting the motion to dismiss [or motion for judgment on the pleadings] into a motion

3

for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003); *see also*

*Summit Media LLC v. City of Los Angeles*, 530 F.Supp.2d 1084, 1096 (C.D.Cal.2008).  Further,

extrinsic evidence that is subject to judicial notice may be properly considered in a Rule 12(c)

motion.  *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n. 18 (9th Cir.1999).

### III.   ANALYSIS

Peerless moves the Court for Judgment on the Pleadings.  (ECF No. 14.)  Peerless

contends that the Court should rule in their favor because (1) 3D cannot show that Peerless

breached their contract under California Insurance Code § 530; (2) 3D's cause of action for

contractual indemnification is improper and premature; and (3) 3D seeks relief that are not

available for the causes of actions pleaded.[1]  (ECF No. 14 at 11–18.)  The Court agrees with

Peerless.

#### a.  Peerless Did Not Breach Their Contract With 3D.

Peerless first argues that 3D cannot show that Peerless breached their contract, which was

an insurance policy between Peerless and 3D.  (ECF No. 14-1 at 15.)  3D alleges that it is

rightfully entitled to coverage from Peerless for the Boler Action because the alleged trademark

being infringed upon is a slogan, and slogans are covered by the policy.  (ECF No. 5 at 4.)  3D is

wrong, coverage does not exist.

The insurance policy states that Peerless will insure 3D for a "personal and advertising

injury" if its advertisements infringes upon another's copyright or slogan.  (ECF No. 15-3 at 40.)

The plain language of the policy defines a "personal and advertising injury" as:

> 14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> > g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

---

[1] 3D alleged breach of contract and contractual indemnity in the TPC.  (ECF No. 5.)  3D argues that under California Insurance Code §530, it is entitled to actual and statutory damages, including treble and punitive damages, in addition to attorney's fees.  (ECF No. 5 at 7–8.)  Peerless argues that some of the reliefs that 3D seeks are unavailable for the causes of action pleaded.  (ECF No. 14-1 at 22.)  These reliefs include attorney's fees, treble, and punitive damages.  (ECF No. 14-1 at 22.)  The Court will not address issue of what relief is available since the Motion for Judgment on the Pleadings is granted before reaching this issue.  Peerless has successfully established on the face of their pleadings that they are entitled to judgment as a matter of law because 3D cannot prevail under the causes of action as pled.

(ECF No. 15-3 at 40.)  Furthermore, the policy specifically excludes coverage for injuries arising out of trademark infringements.  (ECF No. 15-3 at 32.)  The policy states:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> > **i. Infringement of Copyright, Patent, Trademark or Trade Secret**
> >
> > "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.
> >
> > However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

(ECF No. 15-3 at 32.)  These two sections of the policy show that Peerless is only contractually obligated to protect 3D in cases involving slogan infringement, not trademark infringement. Here, neither Boler nor 3D alleged slogan infringement in their original pleadings, only trademark infringement.  (See ECF No. 1; ECF No. 4.)  Thus, coverage does not exist, and Peerless did not breach its contract with 3D because Peerless is not obligated to insure 3D against injuries arising out of trademark infringement, only slogan infringement.[2]

**b. 3D's Claim for Contractual Indemnification Is Improper Because Peerless Does Not Have a Duty to Indemnify.**

Peerless argues that 3D's indemnification cause of action is improper and premature. (ECF No. 14-1 at 21.)  In the TPC, 3D alleges "Contractual Indemnification under CA Civil Code §2778."  (ECF No. 5.)  A duty to defend arises if coverage exists under the law, and no duty to defend arises if coverage does not exist.  *Anderson v. Nationwide Mut. Ins. Co.*, No. 212CV01057MCEDAD, 2015 WL 5698058, at *8 (E.D. Cal. Sept. 28, 2015).  While "an insurer has a duty to defend against lawsuits brought against its insured which potentially seek covered damages," an insurer only "has a duty to indemnify its insured when the insured has been found liable for damages actually covered by the policy."  *Shelter Island Inc. v. St. Paul Fire & Marine Ins. Co.*, 32 F. App'x 243, 244 (9th Cir. 2002).  The duty to defend is broader than the duty to

---

[2] Peerless also argues that there was no breach of contract because (1) even if 3D's interpretation of the policy was correct, and coverage exists, 3D cannot show that it used "SLAM!" as a slogan; and (2) coverage for the claim is barred by the prior publication exclusion.  (ECF No. 14-1 at 18–20.)  The Court will not address Peerless' other arguments because the plain language of the policy facially shows that trademark infringement is not protected.

indemnify. *Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d 1135, 1139 (9th Cir. 2003). Here, as previously discussed, coverage does not exist and Peerless does not have a duty to defend. Accordingly, Peerless does not have a duty to indemnify when it does not have a duty to defend, because the duty to defend is broader than the duty to indemnify. Thus, 3D's cause of action for indemnification is improper because such duty never existed.

In conclusion, Peerless has clearly established on the face of their pleadings that no material issue of fact remains to be resolved and they are entitled to judgment as a matter of law. 3D is not covered under the insurance policy, there was no breach of contract, and no duty to defend or indemnify. Therefore, judgment on the pleadings is proper.

**IV.   CONCLUSION**

For the foregoing reasons, the Court hereby:

1.  GRANTS Peerless' Motion for Judgment on the Pleadings;

2.  DENIES Peerless' alternative Motion to Sever as moot.

IT IS SO ORDERED.

Dated: December 4, 2015

Troy L. Nunley
United States District Judge