UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWYN BOLER *also known as* LEON BOLER DBA PRODUCTION CAR CARE PRODUCTS,<br><br>Plaintiff,<br><br>v.<br><br>3 D INTERNATIONAL, LLC,<br><br>Defendant. | No. 2:14-cv-00658-TLN-CKD<br><br>**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT** |

This matter is before the Court pursuant to Plaintiff and Counter Defendant Lewyn Boler aka Production Car Care Products' ("Boler") Motion for Partial Summary Judgment. (ECF No. 19.) Defendant and Counter Claimant 3 D International, LLC ("3 D") opposes Boler's motion and also cross-moves for summary judgment. (ECF No. 21.) Boler has filed a reply to 3 D's opposition (ECF No. 23). After reviewing the filings made by the parties, the Court hereby DENIES both Boler's and 3 D's motions for summary judgment.

  I.   **FACTUAL BACKGROUND**[1]

Boler alleges that he has owned and operated Production Car Care Products as a dba for over 35 years. (Compl., ECF No. 1 at ¶ 9.) Boler states that Production Car Care Products

---

[1] The facts in this case are comprised of allegations from Boler's Complaint and 3 D's Answer and Counterclaim because the parties failed to file the requisite statements of undisputed facts with their motions, as addressed later in this Order.

1

manufactures and distributes specialized products for automobile detailing and has acquired a statewide, nationwide and worldwide reputation for quality products. (ECF No. 1 at ¶ 9.) One of Boler's featured products for the past 35 years has been a "Heavy Duty Cleaner & Degreaser" called SLAM ! (Exclamation point is included in Trademark). (ECF No. at 1 ¶ 10.) Boler asserts that this product is known to be produced and distributed by Boler and Production Car Care Products. (ECF No. 1 at ¶ 10.) Boler alleges that SLAM ! produces substantial income for Boler "based upon the sales of the product itself and based upon enhanced goodwill it produces for Boler's business and all of Boler's products." (ECF No. 1 at ¶ 10.) Boler states that he has frequently used the trademark SLAM ! on other car care products. (ECF No. 1 at ¶ 10.) Boler claims that "in an effort to trade on the popularity of SLAM ! and the great reputation and goodwill of Boler and Production Car Care Products," 3 D began manufacturing and distributing a product that they label "GRAND SLAM" which 3D describes as a "Heavy Duty Degreaser" in the same markets used by Boler for Production Car Care's SLAM !. (ECF No. 1 at ¶ 11.)

On August 12, 2013, Boler filed for trademark protection for SLAM ! with the U.S. Patent and Trademark Office and received a registered trademark on January 21, 2014 (Reg# 4470991 Serial# 86034936). (ECF No. 1 at ¶ 12.) Boler states that 3 D was notified of Boler's common law trademark protection for SLAM ! and the pending registration for the identical mark with United States Patent and Trademark Office on December 9, 2013, and was asked to cease and desist use of the mark. (ECF No. 1 at ¶ 13.) Boler filed a complaint against 3 D in this Court on March 11, 2014, alleging Federal Trademark Infringement under 15 U.S.C.§§ 1114 and 1125(a), Common Law Trademark Infringement, as well as violations of the Federal Unfair Competition and False Advertising under 15 U.S.C. §1125(a) and Statutory Unfair Competition and False Advertising under California Business and Professions Code §§ 17200 and 17500 et seq). (ECF No. 1.)

In response 3 D filed an answer, in which it asserts fifteen affirmative defenses and seven causes of action, including: (1) Common Law Trademark Infringement; (2) Unfair Competition and False Advertising; (3) Violations of California Business and Professions Code; (4) Improper Registration; (5) Invalid Registration; (6) Trademark Antitrust, under 15 U.S.C. § 115(b)(7); and

1    (8) Trademark Misuse, under 15 U.S.C. § 115(b)(9).  (ECF No. 4.)

2    Bolen seeks partial summary judgment based upon the pleadings, arguing that concurrent use of his automotive degreaser entitled and labeled, "SLAM !" and 3 D's automotive degreaser entitled and labeled "GRAND SLAM" in commerce is "likely to confuse the public as to the source of each product."  (Pl.'s Mem of P&A, In Supp. of Mot for Summ. J., ECF No. 19-2.)  3 D argues that Boler is not entitled to summary judgment because there remains genuine issues of material fact as to whether 3 D's mark GRAND SLAM is likely to be confused with Boler's mark SLAM !.  (ECF No. 21 at 4.)  In addition, 3 D moves this Court for summary judgment, arguing that there is no likelihood of confusion between the two products.  (ECF No. 21 at 9.)

## II.   LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates no genuine issue as to any material fact exists, and therefore, the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file."  *Id.* at 324 (internal quotations omitted).  Indeed, summary judgment should be entered against a party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to

1 tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in
2 support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). The opposing party must
3 demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the
4 suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that
5 the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for
6 the nonmoving party. *Id.* at 251–52.

7 　　　In the endeavor to establish the existence of a factual dispute, the opposing party need not
8 establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual
9 dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
10 trial." *First Nat'l Bank*, 391 U.S. at 288–89. Thus, the "purpose of summary judgment is to
11 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for
12 trial.'" *Matsushita*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963
13 amendments).

14 　　　In resolving the summary judgment motion, the court examines the pleadings, depositions,
15 answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed.
16 R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence
17 of the opposing party is to be believed, and all reasonable inferences that may be drawn from the
18 facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S.
19 at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
20 obligation to produce a factual predicate from which the inference may be drawn. *Richards v.*
21 *Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir.
22 1987). Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party
23 "must do more than simply show that there is some metaphysical doubt as to the material facts."
24 *Matsushita*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of
25 fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587.

26 　　　**III.    ANALYSIS**

27 　　　Bolen's motion essentially argues that because 3 D alleged counter claims that require a
28 likelihood of confusion of the marks for success, 3 D is estopped from arguing that the marks are

4

1 not likely to be confused.

> This motion is based not only on the fact that 3 D International, LLC alleged in its counterclaim that these two names are "confusing" and has premised said counterclaim on this allegation, but also on the fact that under the circumstances of this case the names "SLAM !" and "GRAND SLAM" are in fact confusing.

(ECF No. 19-2 at 2.) In opposition, 3 D argues that its counter claims comply with Federal Rule of Civil Procedure 8(d)(2) ("Rule 8") as alternative statements of a claim or defense. (ECF No. 21 at 3.)

Rule 8(d) permits a party to state a claim alternatively or hypothetically, and also to state as many claims as it has, regardless of consistency:

> (d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.
>
> (1) In General. Each allegation must be simple, concise, and direct. No technical form is required.
>
> (2) Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
>
> (3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

Thus, 3 D is not estopped from defending Bolen's claims by arguing that there is no likelihood of confusion of the parties' marks and alternatively arguing that if there is a likelihood of confusion that 3 D has the legal right to use the mark. As to any argument that pleading alternative claims must be explicit within the complaint, that assertion is not supported by Rule 8. Rule 8(e) states "[p]leadings must be construed so as to do justice." Therefore, Boler's motion for summary judgment on this ground is DENIED.

Boler also asserts that the undisputed facts of this case also establish that "SLAM !" and "GRAND SLAM" are confusingly similar names. (ECF No. 19-2 at 3.) In doing so, Boler has failed to supply this Court with a statement of undisputed facts as required by this Court's local rules.

//

> Each motion for summary judgment or summary adjudication shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact. The moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers.

*See* E.D. Cal. L.R. 260(a)(j); *see also* Fed. R. Civ. P. 56(c) (providing the procedures for supporting factual positions in a summary judgment motion). Instead, Boler makes one sweeping statement to support his motion: "In the case at bar, these factors demonstrate that concurrent use of 'SLAM !' and 'GRAND SLAM' as the marks for the automotive degreaser sold respectively by the plaintiff, Lewyn Boler and the defendant, 3 D International, LLC, is likely to confuse the buying public as to the source of each product." (ECF No. 19-2 at 4.) This unsupported statement falls far short of the standard required for summary adjudication.

In 3 D's opposition, it moves this Court to find that there is no likelihood of confusion between its mark GRAND SLAM and Bolen's SLAM ! mark. (ECF No. 21 at 9.) Unlike Bolen, 3 D provides some analysis and a few facts to support its claim. However, like Bolen, 3 D has not supplied this Court with a Statement of Undisputed Facts in order to allow the Court to make an appropriate determination. As such, 3 D's cross-motion for summary judgment is DENIED.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff Bolen's Motion for Partial Summary Judgment (ECF No. 19) is DENIED. Defendant 3 D requested that this Court allow it to amend its Answer to clarify that it is pleading in the alternative, or hypothetically, in its counterclaims. That request is hereby GRANTED. 3 D is ordered to file an amended answer with this Court within fourteen (14) days of the entry of this order.

IT IS SO ORDERED.

Dated: September 28, 2016

Troy L. Nunley
United States District Judge